# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JULIA RYAN,

    **Plaintiff,**

v.                          CASE NO.:

B20 FITNESS, LLC,

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JULIA RYAN, by and through undersigned counsel, brings this action against Defendant, B20 FITNESS, LLC, and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301 *et seq.*

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in St. Johns County, Florida.

## PARTIES

4. Plaintiff is a resident of St. Johns County, Florida, and worked in St. Johns County.

5. Defendant operates a fitness center in St. Johns County.

## GENERAL ALLEGATIONS

6. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the USSERA and retaliated against Plaintiff for exercising these same rights.

7. Plaintiff has satisfied all conditions precedent, or they have been waived.

8. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

9. Plaintiff requests a jury trial for all issues so triable.

## FACTS

10. Plaintiff began working for Defendant on or around January 11, 2021.

11. Plaintiff serves in the Florida Army National Guard.

12. In June 2021, Plaintiff received orders to attend training with the Florida Army National Guard from August 4, 2021, to August 26, 2021, and informed Defendant of her orders.

13. On August 25, 2021, Plaintiff received her work schedule from Defendant and noticed Defendant cut her hours from 40 hours a week to 20 hours a week.

14. Plaintiff returned to work on August 26, 2021.

15. Plaintiff complained to Defendant about cutting her hours and denying her the benefits of employment on the basis of her military service.

16. Defendant's lead coach told Plaintiff "Your hours were cut because it is hurricane season and we aren't sure when you're going to get called up."

17. On October 8, 2021, Defendant terminated Plaintiff for pretextual reasons.

18. Defendant terminated Plaintiff because of her protected military leave under the USERRA.

### COUNT I –38 U.S.C. § 4312 VIOLATION
### Violation of the Uniformed Services Employment
### And Reemployment Rights Act ("USERRA")

19. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20. Plaintiff is a member of the armed forces.

21. The USERRA provides that employers shall not take action against employees and employees shall not be denied retention in their employment because of their military leave or otherwise denied benefits of employment on the basis of their military service.

22. Plaintiff's military leave was the motivating factor in the Defendant's decision to deny Plaintiff the benefits of employment to which she was entitled, including but not limited to salary benefits, pension benefits, job assignment, promotions, and ultimately the decision to terminate the Plaintiff, and her military

service was a motivating factor in the Defendants' decision to retaliate against Plaintiff for exercising or attempting to exercise her rights under USERRA.

23. Defendants' actions were willful.

24. Plaintiff submitted the requisite documentation to support her military leave.

25. Plaintiff was injured due to Defendants' unlawful, willful violations of USERRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that This Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Liquidated damages;

(f) Punitive damages;

(g) Front pay in lieu of reinstatement;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such relief as the Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 15th day of February, 2022.

        Respectfully submitted,

        */s/ Luis A. Cabassa*

        **LUIS A. CABASSA**
        Florida Bar Number: 0053643
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Direct Dial: (813) 379-2565
        Facsimile: 813-229-8712
        Email: lcabassa@wfclaw.com
        Email: gnichols@wfclaw.com
        **Attorneys for Plaintiff**